ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:15CR348 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| JOSEPH MOORE, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Joseph Moore's *pro se* motion for sentence reduction. Doc. 51.   Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for sentence reduction under § 3582.

> The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).

The policy statement at issue, § 1B1.13 reads in part:

> Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13 In turn,

> [t]he § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Moore's motion is denied because he has failed to demonstrate that extraordinary and

2

compelling circumstances exist. Moore raises two "grounds for relief" in his motion as though it is a motion to vacate his conviction. However, Moore previously filed such a motion, and it was denied as untimely.

> The Sixth Circuit Court of Appeals has predominantly defined what can constitute 'extraordinary and compelling' reasons for release by defining what circumstances cannot be 'extraordinary and compelling. So, for example, facts that existed at sentencing cannot later be construed as extraordinary and compelling reasons to reduce a final sentence. Indeed, the compassionate release provision's text and structure, together with its narrow scope, show that identifying extraordinary and compelling reasons is a task that focuses on post-sentencing factual developments. And, as noted above, the Court of Appeals has determined that compassionate release cannot serve as an end run around habeas in Section 2255 motions.

*United States v. Johnson*, 713 F. Supp. 3d 399, 405 (W.D. Mich. 2024)(citations and quotations omitted). As such, Moore cannot utilize this motion as a way to raise arguments that could not be considered in his untimely § 2255 motion.

Moreover, "[i]neffective assistance of counsel is not included among the 'extraordinary and compelling' reasons for compassionate release." *United States v. Tragas*, No. 09-20023-10, 2020 WL 5064383, at *6 (E.D. Mich. Aug. 27, 2020), *aff'd*, No. 20-1886, 2021 WL 4205168 (6th Cir. Aug. 4, 2021). Accordingly, Moore's motion for sentence reduction is DENIED.

IT IS SO ORDERED.

October 23, 2024                             /s/*John R. Adams*
Date                                       JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE